IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Northern Division

MEA HSIATZOU CHANG
10421 Stevenson Road
#100
Stevenson, MD 21153
*A resident of Baltimore County*

CASE NO.

RDB 16 CV 2719

Plaintiff,

vs.

Equifax Information Systems LLC
110 Peachtree Street NW
Atlanta, GA 30309

Equifax Incorporated
32 South Street
Baltimore, MD 21202

    Serve On:

    CSC-Lawyers Incorporating Services Company, *Resident Agent*
    7 St. Paul Street Suite 820
    Baltimore, MD 21202

    Defendants

---

## **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

### I. INTRODUCTION

This is an action for damages, brought by Plaintiff, MEA HSIATZOU CHANG, an individual consumer, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by EQUIFAX INFORMATION SERVICE LLC. ("Equifax"). Fundamentally, this case is about the Defendants' refusal to respect Ms. Chang's personal and legal rights in their attempts to collect an alleged debt from Ms. Chang and falsely reporting Ms. Chang's credit and financial information.

## JURISDICTION AND VENUE

1. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) and Local Rule 501(4)(b)(i).

## II. PARTIES

2. Plaintiff, MEA HSIATZOU CHANG, is a natural person, and citizen of the State of Maryland, residing in Maryland. Plaintiff is a "consumer" as defined by FCRA, 15 U.S.C. § 1681a(c).

3. EQUIFAX is a Georgia corporation whose principal place of business is in Atlanta, GA. EQUIFAX is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f). EQUIFAX regularly engages in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by the FCRA, 15 U.S.C. § 1681a(d), to third parties.

## III. BACKGROUND

4. Beginning in March, 2016, EQUIFAX issued consumer credit reports to Ms. Chang and others which claimed that Ms. Chang had authorized 15 request for credit inquiries which were not authorized by defendant.

5. On March 21, 2016, May 3, 2016 and on July 1, 2016 Ms. Chang sent letters to EQUIFAX disputing the alleged inquiries and explaining that she would like the inquiries removed, which were inaccurately being reported. True and correct copies of the March 21, 2016 and May 3, 2016 and July 1, 2016 letters are attached hereto as Exhibit 1.

6. Ms. Chang received generic letters from EQUIFAX stating "Inquiries are a factual record of file access. If you believe this was unauthorized, please contact the creditor." dated March 23, 2016, April 8, 2016, May 9, 2016, May 13, 2016 and July 8, 2016, letters are attached hereto as Exhibit 2. The inquiries remained in plaintiff's credit file and have not been deleted.

7. EQUIFAX failed in its duty to reinvestigate the claims made by Ms. Chang, and continued to report 15 of the disputed inquiries.

8. In Ms. Chang's March 23, 2016, April 8, 2016, May 9, 2016, May 13, 2016 and July 8, 2016 letters, attached hereto as Exhibit 1, she disputed the reporting of the 15 credit inquiries which EQUIFAX had failed to correct in response to her earlier dispute she had not authorized and requested the removal of reporting of those inquiries.

9. As a result of the derogatory information Ms. Chang was forced to abstain from applying for credit and had adverse action taken which included her inability to qualify for government homeownership assistance programs and was denied for a credit card, letter attached hereto as Exhibit 3.

10. Ms. Chang has been unable to finance a home purchase due to the derogatory information. She was also denied an unsecured credit which is needed in order to continue to build her credit file.

11. As a result of the Defendants' actions Ms. Chang has sustained actual damages including emotional distress and pecuniary loss.

## IV.  FAIR CREDIT REPORTING VIOLATIONS BY EQUIFAX

12. Ms. Chang incorporates by reference paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 of this Complaint.

13. By failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff, EQUIFAX violated the FCRA, 15 U.S.C. § 1681e.

14. By failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of the inaccuracy, by failing to conduct a reasonable investigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, by failing to review and consider the information provided to EQUIFAX by Plaintiff, and by relying upon verification of the item from a source it has reason to know is unreliable, EQUIFAX violated the FCRA, 15 U.S.C. § 1681i.

WHEREFORE, Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendant, EQUIFAX LLC, for:

   a. Actual or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. 1681o;

   b. Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C. § 1681n and 15 U.S.C. 1681o; and

   c. Such other and further relief as the Court deems proper.

## V  JURY DEMAND

Plaintiff, MEA HSIATZOU CHANG, hereby requests trial by jury in this matter.

*[signature]*
MEA CHANG
10421 STEVENSON RD #100
STEVENSON, MD 21153
(240) 751-0583

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Northern Division

MEA HSIATZOU CHANG                                      CASE NO.

    Plaintiff,

vs.                                                                              RDB 16 CV 2719

EQUIFAX INFORMATION SYSTEMS, LLC., et al.

    Defendants

_____

### VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, Mea Hsiaotzu Chang, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Under penalties of perjury, I declare that I have read the Complaint in the above referenced matter and that the facts stated in it are true.

7/2/2016                                                                 *Mea [signature]*
_____                              _____
Date                                                                       Mea Hsiaotzu Chang